IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES HANDY,                                   )<br>                                                )<br>    Plaintiff,                                 )<br>                                                )<br>    v.                                          )   No. 16-CV-3181<br>                                                )<br>WEXFORD HEALTH SOURCES,                         )<br>INC., THOMAS M. LEHMAN,                         )<br>individually and in his official                )<br>capacity as Corporate Medical                   )<br>Director Utilization Management                 )<br>and Clinical Services, ILLINOIS                 )<br>DEPARTMENT OF CORRECTIONS                       )<br>("IDOC"), WARDEN REED,                          )<br>Individually, Warden of                         )<br>Jacksonville Correctional Center,               )<br>WARDEN JEAN CAMPANELLA,                         )<br>Individually, Warden of Vienna                  )<br>Correctional Center, OFFICER                    )<br>BURNS, and JOHN DOE, M.D.,                      )<br>individually and as agents of                   )<br>Wexford Health Sources, Inc.,                   )<br>                                                )<br>    Defendants.                                 )| |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

In October 2016, Plaintiff James Handy filed a two-count

Second Amended Complaint pursuant to 42 U.S.C. § 1983 alleging

that the Defendants were deliberately indifferent to his serious

medical needs while he was incarcerated in the Illinois Department of Corrections (IDOC).  Defendant Wexford Health Sources, Inc. (Wexford) has filed a Motion to Dismiss (d/e 30).  Wexford asserts that Plaintiff fails to state a claim against Wexford because he fails to allege facts demonstrating that an official custom, policy, or practice of Wexford caused the alleged constitutional deprivation.

Defendants IDOC and Warden Marvin Reed have also filed a Motion to Dismiss (d/e 32).  IDOC and Warden Reed argue that the claims against IDOC and any claims against Warden Reed in his official capacity are barred by the Eleventh Amendment.

Wexford's Motion is DENIED.  Taking the allegations in the light most favorable to Plaintiff, Plaintiff has alleged a plausible claim that Wexford's widespread practice caused Plaintiff's injury.

IDOC and Warden Reed's Motion is GRANTED IN PART and DENIED IN PART.  IDOC, as a state agency, is not a "person" under § 1983.  Moreover, the Eleventh Amendment bars the claims against IDOC.  Plaintiff has clarified that he is not bringing a claim against Warden Reed in his official capacity.  Therefore, that portion of the Motion to Dismiss is denied as moot.

## I. JURISDICTION

This Court has subject matter jurisdiction because Plaintiff's claims are based on federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. 28 U.S.C. § 1391(b)(2).

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in his favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim

for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Plausibility means alleging factual content that allows the Court to reasonably infer that the Defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### III. FACTS ALLEGED IN THE COMPLAINT

The following facts come from Plaintiff's Second Amended Complaint and are accepted as true at the motion to dismiss stage. Tamayo, 526 F.3d at 1081.

Wexford provides healthcare services to inmates housed in IDOC. Second Am. Compl. ¶ 6. In December 2013, Plaintiff was incarcerated in the Jacksonville Correctional Center. Id. ¶ 13. Upon arrival, Plaintiff gave the IDOC employees and Wexford doctors a detailed medical history, which included the fact that Plaintiff had previously been diagnosed with and treated for hepatitis C. Id. ¶14. In February 2015, Plaintiff was transferred to the Vienna Correctional Center. Id. ¶¶ 5, 21. Plaintiff gave the same medical information to the Vienna IDOC employees and

Wexford doctors.  Id. ¶ 21.  According to Plaintiff, IDOC and Wexford employees refused to treat Plaintiff's hepatitis C.  Id. ¶¶ 15, 22.

Plaintiff informed Defendant Officer Burns, a Jacksonville Correctional Center officer, that Plaintiff was not being treated for hepatitis C and requested that Defendant Reed, the Warden of the Jacksonville Correctional Center, intervene to ensure that Plaintiff be properly treated.  Second Am. Compl. ¶16.  Plaintiff also informed Defendant Jean Campanella, the Warden of Vienna Correctional Center, of Plaintiff's medical condition and the fact that he was not being treated for hepatitis C and requested that she intervene to ensure that Plaintiff be properly treated.  Id. ¶ 23.

Plaintiff alleges that the named Defendants acted with deliberate indifference and reckless disregard to Plaintiff's serious medical condition.  Second Am. Compl. ¶¶ 17, 24.  Specifically, Defendants refused to provide timely examinations and treat Plaintiff's symptoms; refused to provide appropriate diagnostic aids including referrals and consultations; refused to provide continued monitoring of known painful, disabling, disfiguring, and life threatening medical conditions; intentionally denied and delayed

critically needed medical care, knowing that their obligation to provide medical care was short-lived because Plaintiff had a relatively short sentence; refused to ensure that appropriate care and treatment was provided to Plaintiff while knowing that the denial of such care and treatment would be potentially life threatening to Plaintiff; refused to timely notify appropriate physicians of Plaintiff's condition; refused to conduct an investigation of Plaintiff's ongoing grievances to the Warden(s) that he was being treated with reckless indifference; failed to provide competent and professional medical treatment; and denied Plaintiff access to a physician when there was a clear need. Id. ¶¶ 17, 24 (a) – (i). Plaintiff also alleges that:

> Defendant, Thomas M. Lehman, and his agents, assistants and employees acted pursuant to the policies, regulations[,] or decisions officially adopted or promulgated by those in the Illinois Department of Corrections ("IDOC") and Wexford Health Sources, Inc., whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the State of Illinois.

Id. ¶ 8; see also id. ¶ 7 (alleging that Lehman is the Corporate Medical Director of Utilization Management and Clinic Services of Wexford).

As a direct and proximate result of Defendants' conduct, Plaintiff was diagnosed with cirrhosis in June 2015. Id. ¶¶ 18, 25. Plaintiff seeks compensatory damages, punitive damages, costs, and reasonable attorney's fees.

## IV. ANALYSIS

### A. Plaintiff Alleges a Plausible Claim that Wexford's Widespread Custom or Practice Caused Plaintiff's Injury

Wexford moves to dismiss the claims against Wexford, asserting that Plaintiff's conclusory allegations fail to state a plausible claim upon which relief can be granted. Plaintiff argues that he has alleged that his injury was caused by Defendant Lehman, who was a person with final policymaking authority at Wexford, and by "a widespread practice constituting 'custom or usage' of Defendant Wexford." Resp. at 4.

Private corporations acting under color of state law are treated like local governments. Shields v. Ill. Dep't of Corr., 746 F. 3d 782, 789 (7th Cir. 2014). A local government is responsible under § 1983 "when execution of a government's policy or custom . . . inflicts the injury . . . ." Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 694 (1978).

To survive a motion to dismiss, a plaintiff is not required to plead with specificity the existence of a policy. See Eckert v. City of Chi., No. 08 C 7397, 2009 WL 1409707, at *6 (N.D. Ill. 2009). However, the allegations must be specific enough to place defendants on notice of the type of policy alleged. Id.; see also Bell Atlantic Corp., 550 U.S. at 555 (allegations must provide the defendant with "fair notice" of the claim). A plaintiff may establish an official policy or custom by showing: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. Palmer v. Marion Cnty., 327 F.3d 588, 594-95 (7th Cir. 2003) (citations omitted).

Although Plaintiff's allegations are not very specific, he states a claim against Wexford. Plaintiff alleges that from December 2013 to at least sometime after February 2015, and in two different IDOC institutions, IDOC employees and Wexford doctors refused to provide timely examinations, referrals, and monitoring and

basically failed to treat Plaintiff's hepatitis C. Taking the facts in the light most favorable to Plaintiff, a reasonable inference can be drawn that this was due to a widespread custom or practice implemented by Wexford.

Plaintiff does not simply allege a one-time denial of treatment, which would be insufficient to constitute a custom or practice. See, e.g., Thomas v. Cook Cnty. Sheriff's Dep't, 604 F.3d 293, 303 (7th Cir. 2009) (noting that a "custom or practice" requires more than a one time or even three time event and a policy must be at issue rather than a random event). Moreover, while some courts have required that a plaintiff show that others were subjected to the alleged custom or practice, others have allowed Monell claims to proceed based on a pattern of conduct against the plaintiff. Compare Daniel v. Cook Cnty., 833 F.3d 728, 734 (7th Cir. 2016) (noting that to prove an official policy, custom or practice, the plaintiff must "show more than the deficiencies specific to his own experience") with Phelan v. Cook Cnty., 463 F.3d 773, 789-90 (7th Cir. 2014) ("Generally speaking, we do not believe that a plaintiff should be foreclosed from pursuing Section 1983 claims where she can demonstrate that repeated actions directed at her truly evince

the existence of a policy") (overruled in part on other grounds by Ortiz v. Werner Enters., Inc., 834 F.3d 760 (7th Cir. 2016) (overruled to the extent the case relied on the "convincing mosaic" as a governing legal standard in employment discrimination cases)).  The Court finds the allegations here sufficient to state a claim against Wexford.  Therefore, Wexford's Motion to Dismiss is denied.

## B. Plaintiff's Claims Against IDOC Are Dismissed Because, as a State Agency, IDOC is Not a Person Under § 1983 and the Claims are Barred by the Eleventh Amendment

Defendants IDOC and Warden Reed move to dismiss the Second Amended Complaint on the ground that any claims against IDOC and Warden Reed in his official capacity are barred by the Eleventh Amendment.

In response, Plaintiff clarifies that his claim against Warden Reed is solely in Reed's individual capacity but argues that his Second Amended Complaint sufficiently states a claim against IDOC.[1]

---

[1] A search of the Illinois Department of Corrections website (https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx) (last visited January 23, 2017) indicates that Plaintiff was paroled on November 25, 2015.  Therefore, injunctive relief is not available to Plaintiff.

The Court need not address the Eleventh Amendment because it is well-established that a State and its agencies are not suable persons within the meaning of § 1983.  See Thomas v. Ill., 697 F.3d 612, 613 (7th Cir. 2012) (noting that "judges are to address the statutory defense before the constitutional"); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983").  In any event, the Court also finds that the Eleventh Amendment bars Plaintiff's claims against IDOC.

The Eleventh Amendment bars a suit against a State or state agency in federal court unless the State has consented to be sued or Congress has abrogated the State's sovereign immunity from suit.  Alabama v. Pugh, 438 U.S. 781, 782 (1978) (suit against a state and a state agency is barred by the Eleventh Amendment unless the state consented to suit); Will, 491 U.S. at 2310 (the Eleventh Amendment bars suits in federal court against a State unless Congress overrode the immunity).  Plaintiff has not demonstrated, and the Court is unaware of, any provision by which the State of Illinois has consented to suit in these circumstances.  See Ford v. Lane, 714 F. Supp. 310, 313 (N.D. Ill.

1989) (finding that the claim against IDOC was barred by the Eleventh Amendment, noting that neither Illinois nor IDOC has consented to suits for damages). Moreover, Congress has not abrogated the states' sovereign immunity from suit in § 1983 cases. See Thomas, 697 F.3d at 613 (Congress did not abrogate the states' sovereign immunity under § 1983). Therefore, Plaintiff's claims against IDOC are barred by Eleventh Amendment and are dismissed. Because Plaintiff has clarified that he is not bringing an official capacity claim against Defendant Warden Reed, that portion of the Motion to Dismiss is denied as moot.

## V. CONCLUSION

For the reasons stated, Defendant Wexford Health Sources, Inc.'s Motion to Dismiss (d/e 30) is DENIED and Defendants IDOC and Warden Reed's Motion to Dismiss (d/e 32) is GRANTED IN PART and DENIED IN PART. The claims against IDOC are DISMISSED with prejudice. Plaintiff has clarified that he is not bringing an official capacity claim against Defendant Reed. Therefore, the portion of the Motion to Dismiss seeking to dismiss such claims is denied as moot. Wexford shall file an answer on or

before February 9, 2017.  Defendant Reed filed an Answer on November 7, 2016 (d/e 34).

ENTER: January 23, 2017

FOR THE COURT:

                      *s/Sue E. Myerscough*
                  SUE E. MYERSCOUGH
                  UNITED STATES DISTRICT JUDGE